

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Marvin Hall, Commissioner
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-2426
Re: Board of Insurance Commissioners retaining employees on payroll while on active duty as Reserve Officers in the U. S. Army.

     This will acknowledge receipt of your letter of May 27, 1940, requesting the opinion of this department as to the authority of the Board of Insurance Commissioners to retain on the payroll during their vacation certain employees who are Reserve Officers in the United States Army and who anticipate being called for active duty at that time.

     In this connection, you call our attention to that portion of the departmental payroll affidavit required by the Comptroller of Public Accounts to be made by the head of each State Department, which reads as follows:

> "... and that none of the employees on this payroll are receiving salary or compensation as agent, officer or appointee who holds at the same time any other office or position of honor, trust, or profit, under this State, or the United States, except as prescribed in the State Constitution." (Underscoring ours.)

     We have found no statutory authorization for the insertion of this provision in the departmental payroll affidavit required to be made to the Comptroller in S. B. 427, Acts 1939, 46th Legislature, Special Laws, p. 7, the Departmental Appropriation Bill, and we assume the provision was inserted in an effort to carry out the mandate of similar provisions in the Constitution of Texas.

     Proceeding on this assumption let us examine pertinent provisions of our Texas Constitution.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST

Honorable Marvin Hall, Page 2

Section 12 of Article XVI of the Constitution of Texas provides:

"Sec. 12. No member of Congress, nor person holding or exercising any office of profit or trust, under the United States, or either of them, or under any foreign power, shall be eligible as a member of the Legislature, or hold or exercise any office of profit or trust under this State."

This provision of our Constitution is qualified by recent amendments to Sections 33 and 40 of Article XVI, adopted November 8, 1932. These sections read:

"Sec. 33. The Accounting Officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. Provided, that this restriction as to the drawing and paying of warrants upon the Treasury shall not apply to officers of the National Guard of Texas, the National Guard Reserve, the Officers Reserve Corps of the United States, nor to enlisted men of the National Guard, the National Guard Reserve, and the Organized Reserves of the United States, nor to retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers and retired enlisted men of the United States Army, Navy, and Marine Corps. (Underscoring ours.)

"Sec. 40. No person shall hold or exercise, at the same time, more than one Civil Office of Emolument, except that of Justice of Peace, County Commissioner, Notary Public and Postmaster, Officer of the National Guard, the National Guard Reserve, and the Officers Reserve Corps of the United States and enlisted men of the National Guard, the National Guard Reserve and the Organized Reserves of the United States, and retired officers of the United States Army, Navy, and Marine Corps, and retired warrant officers, and retired enlisted men of the United States Army, Navy, and Marine Corps, unless otherwise specially provided herein. Provided, that nothing in this Constitution shall be construed to prohibit an officer or enlisted man of the National Guard, and the National

Honorable Marvin Hall, Page 3

Guard Reserve, or an officer in the Officers Reserve
Corps of the United States, or an enlisted man in the
Organized Reserves of the United States; or retired
officers of the United States Army, Navy, and Marine
Corps, and retired warrant officers, and retired en-
listed men of the United States Army, Navy, and Marine
Corps, from holding in conjunction with such office
any other office or position of honor, trust or profit,
under this State or the United States, or from voting
at any Election; General, Special or Primary, in this
State when otherwise qualified." (Underscoring ours.)

It is clear that under Sections 33 and 40 of Article
XVI of the Constitution of Texas, and the departmental payroll
affidavit interpreted in the light of these constitutional pro-
visions, an officer in the Officers Reserve Corps of the United
States may hold in conjunction with that office any other posi-
tion of honor, trust or profit in the State of Texas, and may
receive salary or compensation for the same.

You are accordingly advised that employees of the
Board of Insurance Commissioners who are Reserve Officers in
the United States Army may continue receiving their salary
from the State of Texas while on active duty during their vaca-
tion, and under the circumstances described you may make the
payroll affidavit required by the Comptroller.

We are constrained to call your attention, however,
to that portion of Section 2 of the Departmental Appropriation
Bill, S. B. 427, Acts 1939, 46th Legislature, Special Laws,
p. 7, dealing with vacation allowance for State employees. It
provides:

"Vacation Allowance. Department employees shall
without deduction in salary, receive not exceeding
twelve days' vacation, exclusive of Sundays and legal
holidays, on which State offices are closed, for each
State fiscal year, such vacation period to be mutually
agreed upon by the head of each department with his
employees, provided, that employees belonging to the
Texas National Guard may have their vacation at the
time of the meeting of the annual encampment. Pro-
vided, that no employee for whom a salary is hereby
appropriated, shall receive compensation while on
vacation unless he or she has been an employee of
the department for not less than six calendar months
preceding the vacation period."

You are advised that this Section of the Departmental Appropriation Bill must be strictly complied with and State employees are limited to twelve days' vacation, exclusive of Sundays and legal holidays, without deduction in salary.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

By _James D. Smullen_
James D. Smullen

JDS:EP

APPROVED JUN 11, 1940

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN